UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FEDERAL INSURANCE COMPANY, as
subrogee of RICHARD MADIGAN
15 Mountainview Road
Warren, New Jersey

and

VIGILANT INSURANCE COMPANY, as
subrogee of MICHAEL KENEALLY
15 Mountainview Road
Warren, New Jersey

                              Plaintiffs

        v.

Edward W. Graves, a/k/a E.W. Graves,
84 Lake Avenue,
Leicester, MA

                              Defendant

04  11315 PBS

MAGISTRATE JUDGE _____

CIVIL ACTION NO.:

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
JURY TRIAL DEMANDED LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY CLK _____
DATE _____

## COMPLAINT

Plaintiffs, Federal Insurance Company, as subrogee of Richard Madigan and Vigilant

Insurance Company, as subrogee of Michael Keneally, by and through their attorneys, Patrick J.

Loftus, III and Hayes A. Hunt of Cozen O'Connor, complain of the defendant, Edward W. Graves,

a/k/a E.W. Graves, and allege upon information and belief as follows:

### PARTIES

1.      Plaintiff, Federal Insurance Company, (hereinafter referred to as "Federal"), as

subrogee of Richard Madigan, is a corporation duly organized and existing under the laws of the

State of New Jersey, with its principal place of business located 15 Mountainview Road, Warren,

New Jersey, and at all times relevant hereto was duly authorized to issue insurance policies in the

Commonwealth of Massachusetts.

2.      Plaintiff, Vigilant Insurance Company, (hereinafter referred to as "Vigilant"), as subrogee of Michael Keneally, is a corporation duly organized and existing under the laws of the State of New Jersey, with its principal place of business located at 15 Mountainview Road, Warren, New Jersey, and at all times relevant hereto was duly authorized to issue insurance policies in the Commonwealth of Massachusetts.

3.      Defendant, Edward W. Graves, a/k/a E.W. Graves (hereinafter referred to as "Graves"), is an individual residing in and doing business under the laws of the Commonwealth of Massachusetts, with his residence and/or principal place of business located at 84 Lake Avenue, Leicester, Massachusetts, and at all times relevant hereto was engaged in the business of HVAC installation upon residential and commercial property including, but not limited to, the installation of gas fireplaces.

## JURISDICTION

4.      Jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. § 1332, by reason of diversity of citizenship of the parties.

5.      This matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00 and venue is proper in the United States District Court for the District of Massachusetts pursuant to the provisions of 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

6.      Prior to March 13, 2003, Defendant, Graves, entered into a contract with Richard Madigan, (hereinafter referred to as "Madigan"), to install a gas fireplace at the residence located at 9 Atlantic Avenue, Cohasset, Massachusetts, (hereinafter referred to as the "subject premises").

7.    Pursuant to the contract, Graves was to furnish all labor, materials and equipment for the installation of the fireplace at the subject premises, and that Graves would complete the installation in accordance with all plans, local codes, industry standards and requirements.

8.    At all times relevant hereto, Defendant, Graves, was under a duty and obligation to render to its customer installation in a safe, proper and workmanlike manner.

9.    At all times relevant hereto, Michael Keneally, (hereinafter referred to as "Keneally") resided at the subject premises.

10.    On or about March 13, 2003, a fire (hereinafter referred to as the "subject fire"), occurred at the subject premises as a result of the faulty installation of the gas fireplace at the subject premises.

11.    The subject fire was caused by the faulty and defective work, products and services supplied and/or performed by Defendant, Graves, at the subject premises, and the failure of the defendant to properly protect, inspect and maintain the work area.

12.    As a direct and proximate result of the subject fire, Madigan suffered severe and extensive damage to his real and personal property in an amount in excess of $210,192.62, and Keneally sustained severe and extensive damage to his personal property in an amount in excess of $53,059.000, exclusive of interest and the cost of this action.

13.    At all times relevant hereto, Federal provided coverage to Madigan pursuant to policy number 1043-11-9802/001, with effective dates from February 28, 2003 through February 28, 2004, which provided insurance for the loss of real and personal property.

14.     At all times relevant hereto, Vigilant provided coverage to Keneally pursuant to

policy number 1237392501 with effective dates from May 5, 2002 through May 5, 2003, which

provided insurance for loss of personal property.

15.     Madigan and Keneally subsequently made claims under their respective policies for

the aforesaid damages and, in compliance with all of the terms and conditions of the subject

insurance policies, Federal made payments to Madigan, or on his behalf, in excess of $210,192.62,

and Vigilant made payments to Keneally, or on his behalf, in excess of $53,059.00.

16.     As a result of the aforesaid payments, and pursuant to the contracts of insurance and

by operation of law, Federal and Vigilant are duly subrogated to the respective rights, causes of

action and claims of their insured against the defendant alleged herein.

## COUNT I – NEGLIGENCE
## PLAINTIFFS v. E.W. GRAVES

17.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through

15 as though each were fully set forth at length herein.

18.     The fire and resultant damages sustained by the Plaintiffs' insureds, as referred to

above, were caused by the negligence, carelessness, recklessness and negligent acts and/or omissions

of Defendant, Graves, for which acts he is legally responsible:

        a.     failing to take reasonable preventative measures that would have sufficiently
            avoided the fire and damages;

        b.     improperly installing the gas fireplace at the subject premises, which
            defendant knew or should have known created an unreasonable risk of harm
            to plaintiffs' insureds' property;

        c.     failing to make the necessary corrections and/or adjustments to the
            installation of the gas fireplace at the subject premises, which corrections
            and/or adjustments would have revealed the inherent, dangerous condition;

4

d.   permitting dangerous and defective conditions to exist at the subject premises that created an unreasonable risk of harm to Plaintiffs' insureds' property;

e.   allowing the gas fireplace to be installed at the subject premises in a dangerous and defective condition;

f.   violating codes, standards and industry requirements during the installation of the subject gas fireplace, including, but not limited to, violations regarding the installation and fitting of the gas fireplace at the subject premises;

g.   failing to abide by safe and proper practices when installing a gas fireplace;

h.   failing to properly and adequately test and inspect the installation work performed, which tests and inspections would have revealed the existence of the aforesaid dangerous and defective conditions;

i.   failing to take all precautions necessary under the circumstances to safeguard the premises from the risk of fire;

j.   failing to advise and warn Plaintiffs' insureds that the aforementioned gas fireplace was not properly installed, a condition which Defendant knew or should have known existed and, thereby, posed a significant risk of harm to the Plaintiffs' insureds' property;

k.   failing to exercise proper and adequate care when installing the gas fireplace at the subject premises;

l.   failing to ensure that all of his work at the subject premises was performed in a proper, careful and workmanlike manner;

m.   conducting his work in a negligent and careless manner;

n.   failing to properly and safely inspect and maintain its work area; and

o.   otherwise failing to use due care and skill under the circumstances in ways that may be further disclosed during the course of discovery.

19.   As a direct and proximate result of the foregoing negligence, carelessness and/or recklessness and negligent acts and/or omissions of Defendant, Graves, the subject fire referred to above occurred, resulting in severe and extensive damage and destruction to Plaintiffs' insureds' real and personal property, the fair repair and replacement value of which is in excess of Two Hundred and Sixty-three Thousand, Two Hundred and Fifty-one Dollars and Sixty-two cents ($263,251.62), including additional expenses and loss of use.

## COUNT II – BREACH OF CONTRACT
## PLAINTIFFS v. E.W. GRAVES

20.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 18 above as though each were fully set forth at length herein.

21.     At all times relevant hereto, Madigan contracted with Graves for the supply and installation of a gas fireplace at the subject premises.

22.     Defendant, Graves, by and through his conduct set forth above, breached his contractual obligation by failing to perform his work in a safe and workmanlike manner, with the required degree of skill and care, and in accordance with the terms and conditions of his contract.

23.     As a direct and proximate result of the foregoing breach of contract by Defendant, Graves, the subject fire referred to above occurred, resulting in severe and extensive damage and destruction to Plaintiffs' insureds' real and personal property, the fair repair and replacement value of which is in excess of Two Hundred and Sixty-three Thousand, Two Hundred and Fifty-one Dollars and Sixty-two cents ($263,251.62), including additional expenses and loss of use.

## COUNT III – BREACH OF WARRANTIES
## PLAINTIFFS v. E.W. GRAVES

24.     Plaintiffs incorporates by reference the allegations contained in paragraphs 1 through 22 above as though each were set forth fully at length herein.

25.     In performing services as an installer of a gas fireplace for Madigan, Defendant, Graves, expressly and/or impliedly warranted that his work would be conducted in a careful, prudent and workmanlike manner.

26.    Defendant, Graves, by and through his conduct set forth above, breached his aforementioned expressed and/or implied warranties that his work would be performed in a careful, prudent and workmanlike manner.

27.    The aforementioned fire and resultant damages were a direct and proximate result of Defendant, Graves', breach of the aforementioned warranties, resulting in severe and extensive damage and destruction to Plaintiffs' insureds' real and personal property, the fair repair and replacement value of which is in excess of Two Hundred and Sixty-three Thousand, Two Hundred and Fifty-one Dollars and Sixty-two cents ($263,251.62), including additional expenses and loss of use.

LAW OFFICES OF PATRICK LOFTUS, III

BY: _____

PATRICK LOFTUS III, ESQUIRE
9 Park Street, Suite 500
Boston, MA 02108
(616) 723-7770

OF COUNSEL:

HAYES A. HUNT, ESQUIRE
COZEN O'CONNOR
1900 Market Street
The Atrium
Philadelphia, PA  19103
(215) 665-4734

Attorneys for Plaintiff

7